# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LUISE MCKENNY, | Case No. 1:15-cv-01558-SKO |
| Plaintiff, | **ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD** |
| v. | |
| | (Doc. 17) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.     INTRODUCTION

On June 27, 2016, Denise Haley, counsel for Plaintiff Joseph Luise McKenny ("Plaintiff"), filed a Motion to Withdraw as Attorney of record, along with the Declaration of Denise Haley in support of the Motion. (Doc. 17.) Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant") filed a statement of non-opposition (Doc. 22), and Plaintiff has not responded. The matter is therefore deemed unopposed and submitted on the pleadings.

Upon reviewing the motion and supporting documentation, the Court finds that the matter is suitable for decision without oral argument pursuant to Rule 230(g) of the Local Rules of the United States District Court, Eastern District of California ("Local Rules"); as such, the hearing set for August 3, 2016, is VACATED. For the reasons set forth below, counsel's Motion to Withdraw is GRANTED.

## II. DISCUSSION

**A.  The Motion to Withdraw as Attorney of Record**

Moving counsel Denise Haley states that after undertaking representation of Plaintiff in September 2015, and reviewing the administrative record, she directed another attorney from her firm, Laura Krank, to contact Plaintiff on June 23, 2016,[1] via telephone to inform him of counsel's opinion that she could not pursue the case on Plaintiff's behalf.  (Declaration of Denise Haley ("Haley Decl."), Doc. 17, at ¶ 3.)  Ms. Krank conveyed this information to Plaintiff on June 27, 2016, and Plaintiff informed her that he did not wish to dismiss and would try to find other counsel.  (Haley Decl., Doc. 17, at ¶ 3.)  At of the time the motion was filed, Plaintiff had not advised counsel of the retention of alternative counsel, had not authorized a substitution of attorney, nor had he authorized counsel to dismiss the action with or without prejudice.  (Haley Decl., Doc. 17, ¶ 4.)

Local Rule 182(d) sets forth specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client *in propria persona*, as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Here, counsel has complied with the Local Rule.  Ms. Haley's motion includes a Proof of Service demonstrating that, on June 27, 2016, counsel mailed a copy of the motion to Plaintiff at 3621 1/2 Delta Avenue.  (Doc. 17, p. 7.)  On July 6, 2016, Ms. Haley filed a Proof of Service of the Court's minute order setting the briefing schedule and hearing date on Plaintiff at his current or last known address: 2389 S. Lilly Street.  (Doc. 23.)  Because these addresses were inconsistent, the Court ordered counsel to file a supplemental declaration establishing that service of the motion was

---

[1] Counsel's memorandum of points and authorities repeatedly references dates occurring in June 2015. (*See* Doc. 17, at 3:15-22.) Counsel's declaration confirms that this is a clerical error and, in fact, the correct year is 2016. (*See* Decl. of Denise Haley ("Haley Decl."), Doc. 17, at ¶ 3.)

2

made upon Plaintiff at his current or last known address at 2389 S. Lilly Street. (Doc. 24.) Ms. Haley filed a declaration explaining that service of the motion was made at an incorrect address, and a proof of service that notice of the motion and a copy of the motion had been mailed to Plaintiff at 2389 S. Lilly Street on July 15, 2016. (Docs. 25, 27.) The Court continued the hearing to allow Plaintiff sufficient time to respond to the motion, and required Plaintiff's opposition, if any, to be filed by no later than July 27, 2016. (Doc. 26; *see also* Doc. 28 (proof of service of the Court's minute order resetting hearing and setting forth briefing schedule upon Plaintiff).) No opposition was timely filed, and the matter was deemed unopposed and submitted upon the pleadings. (Doc. 30.)

Local Rule 182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. *See* L.R. 182(d) ("Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules"). Cal. Rules of Prof. Conduct, Rule 3-700(C)(1)(a) provides for withdrawal with the permission of a tribunal if the client "insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." Fed. R. Civ. P. 11(b)(2) provides that by "presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] he claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Finally, Cal. Rules Prof. Conduct, Rule 3-700(C)(6) permits withdrawal if "the member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of good cause for withdrawal."

Here, counsel believes, in good faith, that her continued representation of Plaintiff would violate Fed. R. Civ. P. 11(b)(2). Under Cal. Rules of Prof. Conduct, Rule 3-700(C)(1)(a), withdrawal is, therefore, permissible. The Court finds and concludes that counsel has established

3

grounds for withdrawal. Accordingly, the Motion to Withdraw as Attorney of Record will be GRANTED.

**B.      Extension of Time to File Plaintiff's Opening Brief**

Local Rule 182(d) provides that "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Pursuant to the Court's Order on the parties' Stipulation to Extend Time to File Opening Brief entered June 1, 2016 (Doc. 16), Plaintiff's opening brief was due June 26, 2016 -- one day before the filing of the present motion. To allow time for Plaintiff to obtain counsel and to file an opening brief, the Court will extend the deadline for its filing until **September 2, 2016**.

The Court notes that upon counsel's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of the action even if Plaintiff fails to obtain new counsel. A failure to comply with an order of the Court, including the deadline for the filing of Plaintiff's opening brief, will result in sanctions, including dismissal of this action. Because Plaintiff is now proceeding pro se, the Court will by separate order inform Plaintiff of requirements concerning Social Security cases in this Court.

### III.      CONCLUSION

Accordingly, it IS HEREBY ORDERED that:

1. The Motion to Withdraw as Attorney of Record is GRANTED;

2. Withdrawing counsel SHALL serve a copy of this order on Plaintiff via mail and SHALL inform Plaintiff that counsel has withdrawn. Within two (2) days of the date of the order, withdrawing counsel SHALL provide the Court with a declaration indicating proof of service via mail;

3. The Clerk of the Court is ORDERED to RELIEVE Denise Haley, Esq., of the Law Offices of Lawrence D. Rohlfing, as counsel for Plaintiff; and

4. Plaintiff's opening brief SHALL BE FILED no later than September 2, 2016, with all other deadlines set forth in the Scheduling Order (Doc. 5) modified accordingly; and

//

5. The Clerk SHALL UPDATE THE DOCKET to reflect Plaintiff's pro se status and Plaintiff's address of 2389 S. Lilly Street, Fresno, CA 93706, and SHALL SERVE this order upon Plaintiff at that address.

IT IS SO ORDERED.

Dated:   **August 1, 2016**                               /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE